MADDOX *et al.*, commissioners, *v.* LITHONIA BANKING COMPANY.

HILL, J. 1. While the office of sole commissioner of roads and revenues of Butts County was abolished by the act of the legislature (Acts 1925, pp. 564, 565), and a board of commissioners of roads and revenues of Butts County was created in lieu of the sole commissioner, the board of commissioners and the sole commissioner had the same jurisdiction and powers, and the board of commissioners were in law successors to the sole commissioner; and a judgment absolute in a mandamus proceeding to compel the sole commissioner to pay a warrant that had formerly been issued by him was an adjudication that the warrant was a valid liability against the County of Butts and should be paid by it, and in a subsequent proceeding for mandamus to compel the board of commissioners to pay a balance due on the warrant, payment of which the former mandamus absolute had required, the former judgment fixing the legal liability of the county was binding upon the new commissioners created under the new act, and they could be compelled by mandamus to levy a special tax to pay the balance due on the warrant. *Littlefield* v. *Adel*, 151 *Ga.* 685, 686 (108 S. E. 56).

2. The judge did not err in sustaining the demurrer to the answer, and in granting the mandamus absolute.

*Judgment affirmed. All the Justices concur.*

No. 6166. JULY 12, 1928.

Mandamus. Before Judge Persons. Butts superior court. June 27, 1927.

Lithonia Banking Company brought a petition for mandamus against J. O. Gaston, J. W. Maddox, B. H. Hodges, and G. W.

Jinks, commissioners of roads and revenues of Butts County, Georgia, and John M. McMichael, county treasurer, alleging in substance the following: By acts of the General Assembly approved August 15, 1925, and effective on and after the first Monday in January, 1927 (Acts 1925, pp. 564, 565), the office of commissioner of roads and revenues for the County of Butts was abolished, and the board of commissioners of roads and revenues for that county was created. The above-named commissioners were elected and qualified under the law referred to. Prior to January 1, 1920, and until January 1, 1927; J. O. Gaston was the sole commissioner of roads and revenues of Butts County, and it was his duty to audit accounts and to issue warrants for all legal claims presented against the county, and to levy a tax for the payment thereof. On March 18, 1920, Gaston as commissioner issued a warrant for $5916.98 principal, bearing interest at 7 per cent. per annum, to Mary R. Griffin, transferee, or order, which warrant is now owned by petitioner. A copy of it is attached as an exhibit. Not being able to collect the debt represented by the warrant, petitioner filed its application for mandamus against Gaston as commissioner, and on January 2, 1926, a mandamus absolute was granted. A copy of the record in the mandamus proceedings is exhibited. Previously the petitioner had presented the warrant for payment to the treasurer of Butts County, and payment was refused on account of "no funds." Under the terms of the mandamus absolute Gaston, commissioner, was ordered to levy a special tax sufficient to pay off and discharge the warrant, at the rate of 25 per cent. per year, the first payment to be made out of the tax levy for the year 1926; and a payment of $2196.03 was due to it out of the tax levy for the year 1926. On January 22, 1927, petitioner presented the warrant to McMichael, county treasurer, and demanded that he pay 25 per cent. of the amount of it, as provided by the mandamus absolute. He refused, stating that he did not have sufficient funds to pay the amount demanded, and to pay off other warrants on which mandamus absolute orders had been granted. He had on file in his office a copy of the mandamus absolute against Gaston; and his failure to make payment to petitioner was contempt of court, as it was his duty, under the law and under the order, to make said payment. On January 24, 1927, the county treasurer did pay on said warrant $680.45. On March 30, 1927, a payment of $414.19 was

made on the warrant, which amount was less than 25 per cent. of the principal. There is outstanding against Butts County the sum of $87,000 covered by mandamus orders, as is shown by the audit of the books of the county. The taxable property in the county for the year 1926 amounted to $3,300,000. The total amount of indebtedness against the county is $450,000. Gaston, sole commissioner, failed and refused to levy for the year 1926 a tax sufficient in amount to pay off and discharge 25 per cent. of the amount of petitioner's claim, and he failed and refused to obey the mandamus absolute dated January 2, 1926. For the year 1926 he ordered a levy of but three dollars per thousand for the purpose of paying off all of the mandamus orders against him as commissioner. The tax levy was sufficient to pay only 7 per cent. on the principal of petitioner's claim. It is the duty of the board of commissioners, which succeeded the sole commissioner, to levy a special tax sufficient in amount to pay off and discharge the warrant held by petitioner, at the rate of 25 per cent. per year, that is for 1927, 1928, 1929, and 1930, in pursuance of the order of January 2, 1926. Petitioner has no adequate remedy at law; the county is insolvent, and without a special tax levy its debts can not be paid; its officers have heretofore refused to perform their official duty in paying their obligations, and to obey the orders of the court with special reference to a levy of a special tax to pay the debts of the county; and no legal or valid reason exists why petitioner's claim should not be paid, etc.

The defendants filed an answer admitting some of the allegations of the petition and denying others, and averring that the indebtedness represented by the warrant held by petitioner does not constitute a valid and binding obligation against the county, for the reason that all indebtedness prior to the year 1927 and not authorized by a vote of the people of the county is null and void and does not represent any legal liability against the county; that the amount of said indebtedness exceeds seven per cent. of the assessed value of all taxable property in the county; that the warrant of petitioner is a part of this indebtedness; that these respondents were not parties to the mandamus proceeding, nor did the order require any of them to act; that they are not successors in office of J. O. Gaston, for the reason that the office held by Gaston was abolished by the act of 1925; that the warrant was drawn in 1920 against the

funds of the county for the year 1920, and classified as being for the payment of other lawful charge against the county; that at the time of its issue there were no funds in the county treasury out of which the warrant could be paid, nor was it possible to levy a tax during that year to pay the warrant, together with other warrants of its class, for debts incurred during the year 1920; that during the year 1920 all the taxes that could be legally levied and collected were collected, but said levy was insufficient to pay said warrant; that thereby the indebtedness when incurred, and considered in connection with the other contracts of the county for said year, requiring the payment of money, obligated at its inception the people of Butts County to pay taxes in subsequent years for its extinguishment, and was void; that the warrant represented materials purchased in the year 1918, and the account was not presented for audit within twelve months from the date of the incurring of the liability, and was void; that no funds were on hand with which to pay the indebtedness at the time it was incurred, nor could a tax levy have been made to pay said obligation.

Plaintiff amended by alleging that the board of commissioners is estopped from contesting the validity of the mandamus absolute granted in the suit of petitioner against Gaston; that the public is estopped by the acts of any public officer done in the exercise of a power which is expressly conferred by law; that the judgment in that case can not be collaterally attacked, as the court had jurisdiction of the parties and the subject-matter; that the mandamus absolute was a final judgment; and that the defense set up by the board of commissioners is res judicata. The plaintiff also demurred to the answer, on the grounds set forth in its amendment.

The judge, to whom the case was submitted for decision without a jury (no issue of fact being involved), sustained the demurrer to the answer, and made the mandamus absolute, requiring the defendants to levy a special tax to pay the warrant. The defendants excepted.

*Joel B. Mallet* and *Brock, Sparks & Russell,* for plaintiffs in error.
*W. E. Watkins,* contra.