CITIZENS AND CONTRACTORS BANK *v.* MADDOX *et al.*

No. 9168. OCTOBER 12, 1932.

*R. C. Jenkins,* for plaintiff.

GILBERT, J. On March 18, 1920, a Butts County warrant (No. 317) was issued to Mary R. Griffin. It was assigned several times, and finally became the property of the Citizens & Contractors Bank, transferee of the Lithonia Banking Company. The petition in this case, by Citizens & Contractors Bank, was presented on December 17, 1931. It was against Dodson, county treasurer, Howell, Hodges, and Jinks, then constituting the board of commissioners of roads and revenues of Butts County, together with Maddox, who during the years 1927 to 1930, inclusive, had been a member of that board, and Jackson National Bank. The purpose of the petition was to enforce by writ of mandamus the payment of the balance due upon the warrant. There were also prayers for holding the officers in contempt, and for other relief. The trial judge, in his opinion, stated the controlling issue as follows: "Is the plaintiff entitled to relief other than is granted by the order of October 9, 1928?" And ruled thereon as follows: "The court holds that

under the petition and the answers thereto, and the evidence submitted to the court, that the court is without power to grant unto petitioner relief other than is contained in said order of October 9, 1928."

Attached to the petition as "exhibit 1" is a petition entitled "John Martin et al. *vs.* Butts County and J. O. Gaston, Sole Commissioner of Roads and Revenues of Butts County. Petition for Mandamus in Butts Superior Court. February Term, 1918." It continues as follows: "And now comes Lithonia Banking Co., a banking corporation under the laws of Georgia, and shows to the court: 1. Your petitioner shows that it is interested in the subject-matter of the above suit, and therefore asks to be allowed to intervene in said case." It then sets out the ownership by Lithonia Banking Company of Butts County warrant No. 317 in language identical with the description in the present petition. It alleges presentation of the warrant to the treasurer of the county, and refusal to pay by reason of "no fund with which to pay the same." The petitioner prayed "that it be allowed to intervene in the above-stated case, and to be made a party thereto, and that its said claim share with the other claims set forth in the petition and the amendments thereto, in the above-stated case, in the funds raised by taxation under order of the court." The genuineness of this warrant and the correctness of the amount as an indebtedness against the county was admitted by Gaston, sole commissioner of roads and revenues. The petition of John Martin et al. does not appear in the record, and there are no means by which this court can ascertain what were its allegations and prayers. Judgment on the petition of Lithonia Banking Company allowed it to intervene, and the court further ordered "that the order heretofore made in said case be amended as to include the said warrant held by Lithonia Banking Company, and that the said J. O. Gaston, commissioner, pay the said warrant, together with interest thereon, as provided on the face of said warrant, out of the funds which may be realized from said levy, and in accordance with the terms of said order and judgment of the court." This judgment was dated January 2, 1926.

The original judgment rendered in the proceeding brought by John Martin et al. is not in the record, and its terms can not be ascertained. It does appear from the judgment rendered on the

intervention just mentioned, that Lithonia Banking Company intervened subsequently to the rendition of the judgment in favor of John Martin et al., and that the judgment in favor of Lithonia Banking Company, by its terms, became a part of the John Martin judgment and shared with other creditors according to its terms. The Lithonia Banking Company judgment contained the further provision : "that in the event such levy is not sufficient to pay said warrant heretofore referred to in full, during the time stated in said order of court, then said levy be and the same is hereby extended and continued from year to year until said warrant is paid in full, principal and interest." The expression in the excerpt just quoted, "during the time stated in the said order of court," obviously refers to the order rendered in the John Martin proceeding previously to the intervention of the Lithonia Banking Company.

Subsequently Lithonia Banking Company brought another action for mandamus against Maddox and others, alleging that by act of the legislature (Ga. Laws 1925, p. 566) a board of commissioners of roads and revenues for Butts County was created in lieu of the sole commissioner, that a judgment absolute in the mandamus proceeding to compel the sole commissioner to pay the warrant that had formerly been issued was an adjudication that said warrant was a valid liability against the county and should be paid by it, and that the commissioners refused to obey the terms of the mandamus absolute. It alleged that the county was insolvent, and that without a special tax levy its debts could not be paid; and that the county officers had refused to perform their official duty in paying off the obligation and to obey the orders of the court with reference thereto.

The judge, to whom the case was submitted for decision without a jury, sustained the demurrer to the answer, and made the mandamus absolute, on June 27, 1927, requiring defendants to levy a special tax to pay the warrant. That judgment was affirmed. *Maddox* v. *Lithonia Banking Co., 166 Ga.* 616 (144 S. E. 107).

Subsequently the judge of the superior court rendered another judgment, "John Martin et al. *v.* Butts County. Mandamus in Butts Superior Court ——————— Term, 1918." It recited : "Judgment of the court on application for order to enforce the rule absolute in the above-stated case at the instance of certain intervenors. At Chambers, Forsyth, Ga., October 9, 1928." The names of the intervenors were stated, but Lithonia Banking Company was

not included among those named. The petition for intervention is not included in the record, and it is impossible for this court to ascertain its terms except as stated above. The judgment recites that these intervenors allege that they "are the holders of the certain numbered and specified county orders listed as a part of the petition, heretofore issued on the dates therein named by J. O. Gaston, the former sole commissioner of said county, alleging that the same are unpaid as to certain amounts of principal and interest due thereon, although petitioners by virtue of their interventions in the above-stated case have had their specified warrants, thus drawn on the treasurer of said county, adjudicated and ordered paid by the court by commanding said J. O. Gaston, commissioner, and his successors in office, to levy a tax, and praying that the said above-named commissioners of said county, as successors to the said former sole commissioner, be required to make a levy for the special purpose of paying off said indebtedness at the rate of 25 per cent. per annum until paid in full." This judgment quotes from the mandamus order as follows: "That J. O. Gaston as sole commissioner of Butts County, and his successors in office, . . be and he and they are hereby directed and ordered by this mandamus to levy a sum of three mills on the dollar of the property of Butts County, subject to taxation for the years 1919, 1920, 1921, and 1922, to discharge the warrants set out in the foregoing petition."

This judgment included in the mandamus "such other warrants or legal obligations of the county that may be included in this petition and exhibit thereto, incurred and existing prior to 1917; and that if said levy be found insufficient in any one year or more years, the same shall [be] increased at the discretion of the levying officer or officers for such year in sufficient sum to meet one fourth of said obligations, so that the levy of four years will discharge all of said obligations." This judgment further recited: "It is admitted by respondents in open court that 11 of the warrants listed in the petitions now before the court are comprised under the within terms of the foregoing rule subsequent to the passing of the above-stated order: The Lithonia Banking Co., as transferee of warrant No. 317 drawn upon the county treasurer of Butts county by said Gaston, commissioner, March 18, 1920, for the principal sum of $5916.98, and bearing interest at the rate of 7% per annum from date, filed its intervention and was made a party in the principal

case, and its debt was adjudicated as a liability of the county, and was ordered paid by the court January 2, 1926. . . The warrant held by Lithonia Banking Co. not having been paid as ordered, a petition to enforce the execution of the order, issued again to J. O. Gaston as sole commissioner, was brought against the present named commissioners as his successors in office, on which an order was passed by the court of date June 27, 1927." That judgment was dated October 9, 1928.

The last-mentioned judgment recites that the total amount of adjudicated indebtedness against the county is approximately $75,000, and it is admitted that the total values of said county are $3,470,963. It is alleged elsewhere that the total adjudicated indebtedness covered by judgments of mandamus absolute amounts to $87,000, and that the tax values of the county amount to $3,300,000. The last-named judgment states reasons for the rendition, and accordingly orders a modification of the judgment rendered June 27, 1927, to the effect that "all of the listed adjudicated county warrants held by petitioners, as well as warrant No. 317 held by the Lithonia Banking Co., as well as all other warrants listed as adjudicated in the main case of John Martin et al. v. Butts County, which are included in the orders of the court herein quoted, requiring the payment of the same by a special tax levy for said purpose to be paid off as rapidly as possible, and that the said named J. W. Maddox, B. H. Hodges, and G. W. Jinks, commissioners of roads and revenues for said County of Butts, and their successors in office, be and they are hereby ordered and required to levy a tax of 150 per cent. of the State tax for the year 1928, and each succeeding year thereafter, upon all of the taxable property of every nature, character, and kind in Butts County, out of which shall be paid, first current expenses of the county, and second the remainder left after paying said current expenses, to be applied ratably to said adjudicated indebtedness, as well as such other indebtedness as may be legally due by said county or is adjudicated as such, including both principal and legal interest, until said indebtedness is fully paid off and discharged."

Error is assigned on this judgment, because (a) Lithonia Banking Company was not a party to the proceeding and therefore that neither it nor its transferee, Citizens and Contractors Bank, is bound by the order of modification in so far as it affects warrant

317; (b) if it should be held that the judgment is binding upon the bank and its assignee, such judgment would be null and void, because in conflict with the due-process clause of the State constitution. Civil Code (1910), § 6359. It is contended contra that the last-named judgment is binding upon the bank and its transferee, because a copy of the judgment was, by order of the court, mailed to R. C. Jenkins, Eatonton, Ga., counsel of record for Lithonia Banking Company; furthermore that after the rendition of the last-named judgment the Lithonia Banking Company accepted two partial payments on the said warrant No. 317. Some doubt and confusion arises because of the state of the record. Some facts which might throw light on the question involved are not definitely shown. The record, on the other hand, is unduly enlarged by the inclusion of copies of records, instead of briefs, of former legal proceedings, and full copy of the decision and statement of facts appearing in the report of the case as decided by this court (166 *Ga.* 616, supra). We are authorized from the record to hold that the judgment in favor of Lithonia Banking Co. *v.* Butts County, rendered on January 2, 1926, and that of June 27, 1927, were valid and binding against the county, and commanded unequivocal obedience on the part of the commissioner or commissioners to levy a special tax sufficient to pay the amount due to Lithonia Banking Company on county warrant 317. The fact that the mandamus absolute granted on January 2, 1926, was binding upon the successors to the sole commissioner was finally established by the affirmance of the judgment reported in 166 *Ga.* 616. The precise terms of the mandamus absolute granted in the judgment of that date can not be determined, for reasons above stated; but it does appear definitely that on October 9, 1928, the court passed a judgment which specifically modified the judgment of June 27, 1927, and by necessary implication had the effect of modifying the judgment of January 2, 1926. Lithonia Banking Company was not a party to the proceeding which resulted in a judgment of modification on October 9, 1928, because it had no notice of the proceeding until after judgment was rendered, and consequently was afforded no hearing. It is insisted that a copy of the judgment was served upon counsel of record. This action, required by the court, is not the equivalent of due process, required by the constitution. "'The fundamental idea in "due process of law" is that of "notice" and

"hearing." It means that the citizen must be afforded a hearing before he is condemned. There must be a hearing first, and judgment can be rendered only after trial.' *Arthur* v. *State,* 146 *Ga.* 828 (92 S. E. 637). The benefit of notice and a hearing before judgment is not a matter of grace, but is one of right. *Shippen Lumber Co.* v. *Elliott,* 134 *Ga.* 699, 702 (68 S. E. 509); Security etc. Co. *v.* Lexington, 203 U. S. 333 (27 Sup. Ct. 87, 51 L. ed. 204). Without notice and opportunity to be heard, there is no jurisdiction to pass judgment." *Mott* v. *Georgia State Board of Optometry,* 148 *Ga.* 55, 60 (95 S. E. 867).

It is true that after having received a copy of the judgment, Lithonia Banking Company might have filed some proceeding requesting a rehearing on the question before the trial judge, or it might have sued out a writ of error thereon; but certainly in the suing out of a writ of error the bank would have been compelled to take the case as it stood, and could have raised no question not passed upon by the trial judge. Manifestly, in such circumstances, the complainant would have moved under difficulties not required by the law of the land. Certainly, in such event, the complainant would be subjected to the necessity of submitting to a hearing after judgment instead of before judgment. It is also contended that after the rendition of the modifying judgment the bank accepted two payments upon the warrant, and that the acceptance of such payments constituted an estoppel. When the bank held a liquidated claim against the county, already adjudicated to be valid and binding by the court, the acceptance of a partial payment on that warrant could not justly be held to estop the bank from insisting upon the terms of the existing and binding judgment in its favor. This ruling necessarily controls the judgment in the case now before this court. The error of the trial court in this particular invalidates all other rulings upon which there are assignments of error. The judgment as a whole must be

*Reversed. All the Justices concur, except Atkinson, J., absent.*