## 35596. PERINI v. THE STATE.

BOWLES, Justice.

The defendant, Anthony Perini, was convicted of abandonment of his three-month-old illegitimate child, Crystal Dianne Bobo. He appeals this conviction alleging three errors.

1. Defendant first alleges that the trial court should have granted his motion for acquittal. He contends the abandonment statute, Code Ann. § 74-9902, is unconstitutional since it provides that the father of an illegitimate child, upon conviction of abandonment, shall be required by the court to pay the reasonable medical expenses paid or incurred by the mother due to the birth of the child. He contends this violates equal protection of the laws.

While the major portion of Code Ann. § 74-9902 is equally applicable to women as to men,[1] it is true that the portion objected to does provide that the mother's medical expenses be paid solely by the father. As a gender-based classification, this classification must "serve important governmental objectives and must be sustantially related to achievement of those objectives" to withstand scrutiny under the equal protection clause. Orr v. Orr, —— U. S.

[1] See *Hudgins v. State,* 243 Ga. 798 (256 SE2d 899) (1979).

— (99 SC 1102, 59 LE2d 306) (1979). "A classification by gender 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation . . .' Reed v. Reed, 404 U. S. 71, 76 (92 SC 251, 30 LE2d 225) (1971)." *Lamar v. State,* 243 Ga. 401 (254 SE2d 353) (1979).

It is clear that one of the purposes of Georgia's laws on abandonment is to provide that children be provided for by their natural parents. The challenged portion of Code Ann. § 74-9902 indicates the duty to support does not simply arise at some indefinite time after the birth of the child but rather manifests the intention that *both* parents share in the responsibility of the birth itself. After the birth (which is necessarily the case since the requirement to pay medical expenses only arises after conviction of abandonment), the *only* contribution to the birth the father can make is monetary. Furthermore, while the mother is having the child and, except in rare instances, immediately thereafter, she is unable to work to earn money to pay the medical expenses. On the contrary, the father is able to work before, during, and after the birth of the child and is in a much better position to pay the expenses. We find the gender-based classification reasonable in these circumstances.

2. Defendant next contends that the trial court erred in not permitting a continuance to allow further paternity tests. Defendant had obtained a blood test but wanted saliva and serum tests as well. Contrary to the assertion in his brief, the record does not show that such tests are available in this state. Even if they are available, no satisfactory answer was given as to why they had not already been done. Defendant was arrested on May 7, 1979. His motion for paternity testing was made on June 5, 1979. The blood tests were performed June 13, 1979, and the motion for continuance was filed June 22, 1979. On June 27, 1979, when the case was called for trial, the trial court held that the motion for continuance was too late. We find no abuse of discretion in refusing the continuance.

3. The defendant lastly complains of the trial court's failure to charge on the joint and several duty of *both*

parents to support their children. The trial court's charge was properly adjusted to the evidence since only the putative father was on trial for abandonment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 9, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED FEBRUARY 5, 1980.

*E. Graydon Shuford*, for appellant.
*Winston Harvey, Clarence Seeliger*, for appellee.