S92A1058. NIX v. LONG MOUNTAIN RESOURCES, INC. et al.
(422 SE2d 195)

FLETCHER, Justice.

This appeal raises the issue whether the affirmance of a final decision of the Georgia Department of Natural Resources by operation of law is unconstitutional. When construed with the Administrative Procedures Act, OCGA § 12-2-1 (c) does not violate the equal protection or due process provisions of either the Federal or State constitutions. We affirm.

The Environmental Protection Division of the Department issued air quality, surface mining, and water discharge permits to Long Mountain Resources, Inc. to construct and operate a quarry for the processing of granite as crushed stone. Gerald E. Nix and other "Friends of Long Mountain" challenged the issuance of the permits. After ten days of hearings, an administrative law judge for the Board of Natural Resources dismissed Nix's claims. Nix filed a petition for judicial review in superior court on January 16, 1991. He did not seek, and the superior court did not hold, a hearing within 90 days. In December 1991, Nix sought an injunction to stop activities at the quarry. The trial court held a hearing and dismissed Nix's petition, finding that OCGA § 12-2-1 (c) was not unconstitutional and that the decision of the Board was affirmed by operation of law. Nix filed an application for discretionary appeal, which we granted to consider the constitutionality of the statute.

1. The Georgia Administrative Procedure Act and OCGA § 12-2-1 govern the procedure for judicial review of final Board decisions. See OCGA § 50-13-2 (1) (defining agencies covered under the APA). Under the APA, any person who has exhausted administrative remedies is entitled to judicial review. OCGA § 50-13-19 (a); see *Caldwell v. Bateman,* 252 Ga. 144, 147 (312 SE2d 329) (1984). A superior court conducts the review without a jury and is confined to the record, al-

though it may order the agency to take additional evidence. OCGA § 50-13-19 (f), (g). "The court, upon request, shall hear oral argument and receive written briefs." Id. § 50-13-19 (g).

The procedures outlined in OCGA § 12-2-1 modify the procedures in the APA by setting a deadline for the requested hearing. OCGA § 12-2-1 provides:

> (c) Notwithstanding any other law to the contrary, when a petition for judicial review of a final decision of the Board of Natural Resources in any matter arising under this title is filed pursuant to Chapter 13 of Title 50, the "Georgia Administrative Procedure Act," if the superior court in which the petition for review is filed does not hear the case within 90 days from the date the petition for review is filed with the court, the final decision of the board shall be considered affirmed by operation of law unless a hearing originally scheduled to be heard within the 90 days has been continued to a date certain by order of the court. In the event a hearing is held later than 90 days after the date the petition for review is filed with the superior court because a hearing originally scheduled to be heard within the 90 days has been continued to a date certain by order of the court, the final decision of the board shall be considered affirmed by operation of law if no order of the court disposing of the issues presented for review has been entered within 30 days after the date of the continued hearing. If a case is heard within 90 days from the date the petition for review is filed, the final decision of the board shall be considered affirmed by operation of law if no order of the court dispositive of the issues presented for review has been entered within 30 days of the date of the hearing.
>
> (d) A decision of the board affirmed by operation of law under subsection (c) of this Code section shall be subject to appellate review in the same manner as a decision of the superior court.

Construed together, the APA and subsection (c) require a superior court to hold a hearing "within 90 days from the date the petition for review is filed with the court" or to continue the hearing when a party makes a timely request for a hearing. Therefore, any party who seeks judicial review and requests an oral hearing is entitled to a hearing within 90 days of the filing of the petition or a continuance of the hearing to a later date. To ensure that a hearing is scheduled within 90 days, parties challenging the administrative decision should file the request for an oral hearing as early as possible, preferably at

the same time they file the petition for judicial review. The better practice would be to file the request as a separate document and to act affirmatively to have the court timely schedule the hearing. Cf. Ga. Sup. Ct. R. 49 (requiring requests for oral arguments to be filed separately within 20 days of docketing the case).

2. Both the State and Federal constitutions guarantee persons equal protection of the laws. See United States Constitution, amend. 14; Ga. Const., Art. I, Sec. I, Par. II (1983). "The equal protection clause does not 'exact uniformity of procedure. The legislature may classify litigation and adopt one type of procedure for one class and a different type for another.' " *Sellers v. Home Furnishing Co.*, 235 Ga. 831, 833 (222 SE2d 34) (1976). When a statute does not involve a suspect classification or a fundamental right, it must meet only the rational basis test. *Horton v. State Employees Retirement Sys.*, 262 Ga. 458 (421 SE2d 703) (1992). Under that standard of review, the legislative classification does not deny equal protection if it bears a direct relation to the purpose of the legislation. *Cannon v. Ga. Farm Bureau Mut. Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238) (1978).

OCGA § 12-2-1 (c) establishes a reasonable classification between parties appealing environmental decisions of the Board and those appealing decisions of other administrative agencies. The statute's distinction is rational due to the technical nature of the Board's decisions, its reliance on the advice of experts, and the effect of its decisions on public health and safety. The classification also bears a direct relationship to the statute's purpose. The legislation "is designed to expedite the disposition" of "claims that have been appealed to the courts of this state." *Felton Pearson Co. v. Nelson*, 260 Ga. 513, 514-515 (397 SE2d 431) (1990) (construing a similar provision in the workers' compensation statute). Given the extensive technical review conducted by the agency staff, the evidentiary hearing before an administrative law judge, and the limited basis for overturning administrative decisions,[1] the legislature could have determined that expedited appellate review of the Board's administrative decisions helps resolve the permit process expeditiously without undermining the public's health interests. We conclude that a superior court's affirmance of the Board's administrative decisions by operation of law does not violate equal protection under either the State or Federal constitutions.

3. The United States Constitution prohibits any state from de-

---

[1] OCGA § 50-13-19 (h) provides a court may reverse or modify the agency's decision only if the "administrative findings, inferences, conclusions, or decisions" violate the constitution or a statute, exceed the agency's statutory authority, are based on unlawful procedure, are affected by other errors of law, are clearly erroneous, or are arbitrary, capricious, or an abuse of discretion.

priving "any person of life, liberty, or property, without due process of law." United States Const., amend. XIV, sec. 1; see also Ga. Const., Art. I, Sec. I, Par. I. A party's cause of action is a property interest that cannot be denied without due process. *Logan v. Zimmerman Brush Co.*, 455 U. S. 422, 428 (102 SC 1148, 71 LE2d 265) (1982). The fundamental idea of due process is notice and an opportunity to be heard. *Citizens &c. Bank v. Maddox*, 175 Ga. 779, 784-785 (166 SE 227) (1932). Due process neither guarantees a right to appeal nor a particular form or method of state procedure. *Hancock v. Bd. of Tax Assessors*, 226 Ga. 570 (176 SE2d 102) (1970). A state may terminate a litigant's claim or appeal for failure to comply with a reasonable procedural rule. *Thomas v. Arn*, 474 U. S. 140, 155 (106 SC 466, 88 LE2d 435) (1985); *Logan*, 455 U. S. at 437. There is, however, a strong presumption of judicial review of administrative actions. *McNary v. Haitian Refugee Center*, 498 U. S. 479 (111 SC 888, 899, 112 LE2d 1005) (1991).

As construed in harmony with the APA, OCGA § 12-2-1 (c) does not violate due process. The parties have the right to the superior court's review of the Board's final decision, albeit with a time limit on the review. Moreover, the statute provides a reasonable time of 90 days for the court to schedule an oral hearing and receive briefs. Although the statute provides that the Board's decision may be affirmed by operation of law if the superior court fails to issue an order within 30 days of the hearing, due process does not mandate a written opinion. The presumption is that the superior court does not write an order because it agrees with the result of the Board's decision. Cf. *Burson v. Collier*, 226 Ga. 427 (175 SE2d 660) (1970) (when a superior court is required to make findings to return a verdict, the presumption is that it made the required findings). The placement of procedures governing environmental appeals in Title 12 of the Code, rather than the APA, does not render the procedures invalid. All persons are charged with knowledge of the law. See OCGA § 1-3-6. Therefore, OCGA § 12-2-1 (c) is not facially invalid under the federal or state due process clauses.

The statute would violate due process as applied if a superior court refused to schedule or hold a hearing *on request* within 90 days of the filing of the petition for judicial review. Having given litigants the right to judicial review, including the right to a hearing before a superior court, the state must guarantee that the right comports with due process. This case, however, does not involve a litigant who diligently sought a hearing after filing the petition for judicial review and, through no fault of his own, was denied both a hearing and a continuance.

Thus, the statute is not unconstitutional as applied to Nix. Neither the statute nor the APA mandates an oral hearing. Rather, a

party must request a hearing before the superior court is required to hold one. Cf. Unif. Sup. Ct. R. 6.3 (describing when oral hearings must be held on motions in civil actions). By waiting 11 months after filing his petition for judicial review, Nix failed to make a timely request for an oral hearing. His delay means that the Board's final decision was affirmed by operation of law 90 days after he filed the petition for judicial review.

4. We have considered Nix's remaining enumerations of error and find that they have no merit.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham, Sears-Collins, JJ., and Judge Jere F. White, concur.*

DECIDED NOVEMBER 5, 1992.

*Bonnie C. Oliver,* for appellant.

*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Alan Gantzhorn, Assistant Attorney General, George E. Butler II,* for appellees.