## S93A0838. BOWMAN v. KNIGHT.
### (430 SE2d 582)

HUNT, Presiding Justice.

The Georgia Department of Public Safety appeals the final judgment of the lower court holding Department of Public Safety Regulation Chapter 570-17-.02 unconstitutional and ordering the return to Knight of his commercial driver's license. We reverse.

Thomas Knight, an epileptic for approximately ten years, was employed as a tractor-trailer driver. In January 1991, he suffered an epileptic seizure, which was reported to the Department of Public Safety (the Department) by his employer. Information requested by the Department from Knight regarding his medical condition was submitted to the Driver's License Medical Advisory Board, and acting on the Board's recommendations, the Department suspended Knight's regular and commercial licenses to drive.

Knight filed a de novo appeal of the Department's decision in superior court, challenging the constitutionality of Department of Public Safety Regulation Chapter 570-17-.02, which provides for the review of individuals who suffer alterations of consciousness.[1] Under

---

[1] Chapter 570-17-.02 (1) provides for the review of persons suffering episodic alterations of consciousness "severe enough to cause the person to lose his postural attitude or to be unable to continue whatever action he was involved in, whether or not caused by disorders primary to the central nervous system."

Under federal law, an individual with an established medical history or clinical diagnosis

this regulation an individual must remain seizure free for one year before having a regular (Class C) driver's license restored and seizure free for three years before having a commercial driver's license (CDL) restored. Following a hearing, the trial court, concluding that the difference in time periods is not rationally related to the legislative objective, found Chapter 570-17-.02 unconstitutional in that it violates the equal protection clauses of the United States and Georgia Constitutions.

Because the distinction drawn in Chapter 570-17-.02 between holders of commercial driver's licenses and Class C driver's licenses involves neither a suspect class nor a fundamental right, this court will uphold the statute if it bears a rational relationship to some legitimate state purpose. *Ambles v. State*, 259 Ga. 406, 407 (383 SE2d 555) (1989), citing *Williamson v. Lee Optical*, 348 U. S. 483 (75 SC 461, 99 LE 563) (1955). It is not necessary that the classification scheme be the perfect or the best one; nor do we focus on the fairness of a state law. *Lavelle v. State*, 250 Ga. 224, 225 (297 SE2d 234) (1982). Our inquiry is limited to identifying the ends the legislature intended the statute to serve and insuring that the means are rationally related to that end. Id.

The state maintains that it has a legitimate interest in protecting the traveling public from accidents caused by individuals who suffer from epileptic seizures while driving, and that the difference in the treatment of Class C drivers and commercial drivers is based on the much greater potential for harm involved in the operation of commercial vehicles. The state points out that the tractor-trailers driven by commercial drivers exert a far greater amount of force and momentum than do regular passenger vehicles. In addition, testimony established both that the level of stress involved in operating tractor-trailers is higher than that involved in the operation of passenger vehicles and that stress can contribute to the onset of seizures in individuals with epilepsy. Finally, commercial drivers spend much more time on the road than regular drivers, a circumstance which increases the likelihood that seizures will occur while the individual is operating the commercial vehicle and which can also lead to a lack of sleep, another factor contributing to the onset of seizures. In light of these concerns, we cannot say that the difference in treatment mandated by Regulation Chapter 570-17-.02 is arbitrary and unreasonable and bears no

---

of epilepsy is not qualified to hold an interstate commercial driver's license. See 49 CFR 391.41 (b) (8). The Commercial Motor Vehicle Safety Act of 1986 (49 USCA App. § 2301 et seq.) required states to adopt similar statutes regulating commercial drivers, and pursuant thereto Georgia enacted the Uniform Commercial Drivers License Act (OCGA § 40-5-147 et seq.). The federal regulations also gave states the authority to enact exceptions that would allow epileptics to obtain commercial licenses for intrastate driving; Georgia did so through Chapter 570-17-.02.

rational relationship to the legislative objective of protecting the public. Accordingly, the decision of the lower court must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 21, 1993.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Kay D. Baker, Staff Attorney,* for appellant.

*David F. Dickinson,* for appellee.