S95A0497, S95X0499. GEORGIA DEPARTMENT OF MEDICAL ASSISTANCE v. COLUMBIA CONVALESCENT CENTER et al.; and vice versa.
(458 SE2d 635)

SEARS, Justice.

This appeal and cross-appeal involve the constitutionality of two statutes. One is OCGA § 9-2-60, which provides that if no written order is taken in an action for five years, the action "shall automatically stand dismissed" (the "automatic dismissal statute").[1] The other is OCGA § 9-10-2, which provides that certain judicial actions taken in cases in which the state is a party are void unless, among other things, the Attorney General was given five days written notice of the hearing or trial that resulted in the judicial action (the "state notice

---

[1] Section 9-2-60 provides in full as follows:

(a) For the purposes of this Code section, an order of continuance will be deemed an order and the word "proceedings" shall be held to include, but shall not be limited to, an appeal from an award of assessors or a special master in a condemnation proceeding.

(b) Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff.

(c) When an action is dismissed under this Code section, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

statute").[2] The trial court held that the automatic dismissal statute violated due process because it does not require a hearing before dismissal to determine whether an action is actually dormant. The court held, however, that the state notice statute did not violate equal protection guarantees. We granted an application to appeal filed by the Georgia Department of Medical Assistance (the "DMA") to consider whether the trial court erred by ruling that the automatic dismissal statute was unconstitutional. The Columbia Convalescent Center ("Columbia") has cross-appealed the trial court's ruling that the state notice statute is constitutional.[3] Because we conclude that the automatic dismissal statute is a reasonable procedural rule that gives litigants a fair opportunity to litigate their claims before dismissal, we hold that it is constitutional and reverse the trial court's decision. Moreover, because we conclude that the state notice statute is rationally related to several legitimate state interests, we hold that it is constitutional and affirm the trial court's ruling.

1. The automatic dismissal statute does not violate due process. A litigant does have a property interest in her cause of action that she may not be deprived of without due process.[4] A state may, however, consistent with due process, terminate a litigant's claim or appeal for failure to comply with a reasonable procedural or evidentiary rule,[5] such as a statute of limitation.[6]

---

[2] OCGA § 9-10-2 provides in full as follows:

Any verdict, decision, judgment, decree, order, ruling, or other judicial action by any court in this state in any matter in which this state or an official of this state in his official capacity is a party defendant, intervenor, respondent, appellee, or plaintiff in fi. fa. shall be void unless it affirmatively appears as a matter of record either:

(1) That the Attorney General was given five days' advance written notice by the adverse party or his attorney of the time set for the particular trial, hearing, or other proceeding as a result of which the verdict, decision, judgment, decree, order, ruling, or other judicial action was entered; or

(2) That the Attorney General or an assistant attorney general was present in person at the trial, hearing, or other proceeding; or

(3) That the Attorney General or an assistant attorney general has, in writing, waived the notice.

[3] For the previous history of this case, see *Dept. of Medical Assistance v. Columbia Convalescent Center*, 203 Ga. App. 535 (417 SE2d 195) (1992).

[4] *Nix v. Long Mtn. Resources*, 262 Ga. 506, 509 (3) (422 SE2d 195) (1992); *Logan v. Zimmerman Brush Co.*, 455 U. S. 422, 428 (102 SC 1148, 71 LE2d 265) (1982).

[5] *Nix*, 262 Ga. at 509; *Logan*, 455 U. S. at 437; *Thomas v. Arn*, 474 U. S. 140, 155 (106 SC 466, 88 LE2d 435) (1985).

[6] *Logan*, 455 U. S. at 437. The decision in *Thomas v. Arn*, 474 U. S. 140, illustrates the principle set forth in the text. That case concerned a rule of the United States Court of Appeals for the Sixth Circuit that requires a habeas petitioner to file objections to a magistrate's report with the district court within ten days of the magistrate's report or waive the right to appeal any ruling by the district court to the circuit court. Noting that litigants know of the rule and can obtain their appeal simply by filing a piece of paper stating objections, the Supreme Court held that the rule did not violate due process in that it was a reasonable procedural rule that afforded litigants a meaningful opportunity to litigate their claims.

We conclude that the automatic dismissal statute is a reasonable procedural rule. It is reasonable, in part, because it "furthers the dual purpose of . . . prevent[ing] 'court records from becoming cluttered by unresolved and inactive litigation and [of] protect[ing] litigants from dilatory counsel.' "[7] The statute also affords litigants, who have constructive knowledge of its provisions, " 'an opportunity . . . at a meaningful time and in a meaningful manner' "[8] to litigate their claims. To this end the statute grants a litigant five years to produce only the most minimal of activity to avoid dismissal[9] and thereby to obtain a hearing on her claims. Moreover, in the event of dismissal, it permits the litigant to obtain a hearing on her claims by giving her the right to renew the action within six months of dismissal.[10] Further, the rule is not made unreasonable because it might lead to the dismissal of some cases that are not truly inactive. In this same vein, a statute of limitation that is rationally related to the goal of eliminating stale claims[11] would not be unreasonable or unconstitutional because on occasion it might eliminate a claim that is not in fact stale.

2. Further, we hold that the state notice statute does not violate equal protection merely because it grants a benefit to state litigants that is not provided to other litigants.

Regarding the standard to apply in deciding equal protection claims, " '[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.' " *Love v. Whirlpool Corp.*, 264 Ga. 701, 704 (449 SE2d 602) (1994) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U. S. 432, 439 (105 SC 3249, 87 LE2d 313) (1985)). Moreover, " '[i]t is not necessary that the classification scheme be the perfect or the best one; nor do we focus on the fairness of a state law.' " *Love*, 264 Ga. at 704 (quoting *Bowman v. Knight*, 263 Ga. 222 (430 SE2d 582) (1993)).

In the present case, we agree with the DMA's argument that the state notice statute is rationally related to several legitimate governmental interests. The Attorney General's office represents numerous state agencies and officials in courts all over the state, many of which are some distance from the Attorney General's office. The state notice statute is a rational provision that ensures that attorneys in the Attorney General's office will have time to travel to those locations and

---

[7] *Dept. of Transp. v. Tillett Brothers Constr. Co.*, 264 Ga. 219, 220 (443 SE2d 610) (1994) (quoting *Swint v. Smith*, 219 Ga. 532, 534 (3) (134 SE2d 595) (1964)).

[8] *Thomas*, 474 U. S. at 155.

[9] *Dept. of Transp.*, 264 Ga. at 220-221.

[10] OCGA § 9-2-60 (c).

[11] *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 659 (437 SE2d 308) (1993).

to familiarize themselves with the particular agency or official involved, as well as with any particular local rules and customs.[12] Further, the statute helps to ensure that state agencies and officials are properly represented in lawsuits that may affect the lives of citizens across the state. That the foregoing rationales for the statute might apply in some circumstances to private citizens involved in litigation does not render the statute unconstitutional, as the classification need not be perfect so long as it furthers a legitimate legislative goal. *Love,* 264 Ga. at 704.

*Judgment affirmed in Case No. S95X0499 and reversed in Case No. S95A0497. All the Justices concur.*

DECIDED JUNE 30, 1995 —
RECONSIDERATION DENIED JULY 28, 1995.

*Michael J. Bowers, Attorney General, William C. Joy, Kathryn L. Allen, Senior Assistant Attorneys General,* for appellant.

*Dallas, Fowler & Willis, Albert H. Dallas, Heard, Leverett, Phelps, Weaver & Campbell, Robert M. Heard, E. Freeman Leverett,* for appellees.

*Gerald R. Weber, Samuel W. Oates, Jr., Franklin, Taulbee, Rushing & Bunce, Elizabeth F. Bunce, Keith A. McIntyre, Douglas P. Haines, Eric E. Huber,* amici curiae.

*Judgment affirmed. All the Justices concur.*

---

[12] See, for example, Uniform Superior Court Rules 1.1 and 1.2.