**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**August 19, 2013**

# In the Court of Appeals of Georgia

A13A0908. GEORGIA DEPARTMENT OF DRIVER SERVICES
    v. APPLING.

RAY, Judge.

In this discretionary appeal, the Georgia Department of Driver Services (the "Department") appeals from the superior court's reversal of an administrative law judge's ("ALJ") decision to suspend Robert Appling's driver's license. The Department appeals on several grounds, including that the superior court did not have jurisdiction to hear the appeal and that the trial court's order is void because the Department did not have proper notice of the hearing. We agree.

The relevant facts are not in dispute. After his second arrest for driving under the influence, Appling's driver's license was suspended pursuant to OCGA § 40-5-63. Two months later, Appling applied for and received a limited driving permit

approving him to drive "[t]o and from work, school, [and] medical." Appling was then cited for speeding, and his limited driving permit was revoked pursuant to OCGA § 40-5-64 (g). A hearing concerning both the suspension of Appling's license and the revocation of his limited driving permit was held before an ALJ on May 29, 2012. The ALJ upheld the suspension and revocation in an order dated June 18, 2012. Appling then filed a motion for reconsideration, which was denied by the ALJ on July 12, 2012.

Appling then filed a petition for immediate judicial review with the superior court on August 14, 2012, more than thirty days after the ALJ entered an order denying his motion for reconsideration.[1] A hearing on Appling's petition for immediate judicial review was held on September 7, 2012. No one from the Department or the Attorney General's office representing the Department was present at the hearing, and the appellate record does not contain a rule nisi or other indication that notice of the hearing was sent to the Department or the Attorney General's office. On September 11, 2012, without knowledge that a hearing had already been held, the Attorney General filed an entry of appearance and a motion to dismiss the petition for

---

[1] Thirty days after July 12, 2012, was Saturday, August 11, 2012. Accordingly, pursuant to OCGA § 50-13-19 (b), Appling had until Monday, August 13, 2012, to file his petition for judicial review.

judicial review. However, the superior court issued an order on September 24, 2012, finding in favor of Appling and directing the Department to immediately reinstate Appling's "licenses." The superior court's order does not address the Department's motion to dismiss.

1. We agree with the Department's contention on appeal that Appling's failure to file his petition for immediate judicial review with the superior court within 30 days after the ALJ's denial of his motion for reconsideration meant that the trial court was without jurisdiction to consider his petition. Under OCGA § 40-5-66 (a), any decision by the Department can be appealed provided that "[s]uch appeal . . . must be filed within 30 days from the date the department enters its decision. . . ." Here, Appling did not file his petition for judicial review with the superior court until 31 days from the date of the denial of his motion for reconsideration. Accordingly, the superior court was without jurisdiction to consider Appling's petition. See *Hightower v. Cervantes*, 259 Ga. App. 562, 563 (1) (578 SE2d 240) (2003).

2. We further agree with the Department's contention that the court improperly granted full relief to Appling without proper notice of an evidentiary hearing to the Department.

OCGA § 9-10-2 (1) provides that certain judicial actions taken in cases in which the State is a party are void unless "it affirmatively appears as a matter of record" that the Attorney General was given five days written notice of "the particular trial, hearing, or other proceeding" that resulted in the judicial action. See also *Ga. Dept. of Med. Assistance v. Columbia Convalescent Ctr.*, 265 Ga. 638, 640 (2) (458 SE2d 635) (1995) (this includes orders against state executive agencies). This notice is "an absolute condition precedent" to the enumerated judicial actions. *Cofer v. Williams*, 141 Ga. App. 72 (232 SE2d 610) (1977); *Hawes v. Bigbie*, 120 Ga. App. 294 (170 SE2d 302) (1969). In the present case, there is nothing in the appellate record affirmatively stating that the Department or the Attorney General's office was notified or waived notice of the hearing. Accordingly, we find that the superior court's judgment reinstating Appling's license is void, and we reverse.

3. Because of our holdings in Divisions 1 and 2 of this opinion, the Department's remaining enumerations of error are moot.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*

4