40091. DEPARTMENT OF TRANSPORTATION et al. v.
GEORGIA MINING ASSOCIATION et al.
40374, 40375, 40376. GEORGIA MINING ASSOCIATION et al.
v. DEPARTMENT OF TRANSPORTATION (three cases).

CLARKE, Justice.

These cases involve an appeal by the Department of Transportation and its director, Thomas Moreland ("DOT") from an order which found certain exemptions in the highway weight regulations (OCGA § 32-6-26 (b) (Code Ann. § 95A-959)) to be violative of equal protection and enjoined the enforcement of the law as written. The suit was initiated by Georgia Mining Association and mining and trucking companies engaged in the mining, processing, hauling, and transportation of kaolin clay in Georgia; they have filed cross-appeals from portions of the order and for purposes of this opinion will be collectively referred to as "Plaintiffs."

OCGA § 32-6-26 (Code Ann. § 95A-959) sets forth maximum permissible weights for vehicles operated on the public roads of this state. Subsection (a) of this section specifies a formula to establish permissible gross weight as a function of the number of axles and the length of a vehicle. This is referred to as the "bridge formula."

Plaintiffs commenced this action when OCGA § 32-6-26 (Code Ann. § 95A-959) was amended in 1983, Ga. L. 1983, p. 3 and p. 1798, and DOT announced a change in the calculation of excess weight for fine purposes which it contends is mandated by the statute.

Prior to the 1983 amendments the maximum gross weight for any vehicle was 80,000 pounds and the maximum weight for vehicles with a gross weight between 73,280 pounds and 80,000 pounds was determined by application of the "bridge formula." The 1983 amendment makes maximum permissible weight under the "bridge formula" applicable to "all vehicles" and leaves maximum gross weight at 80,000 pounds.

Plaintiffs filed suit and prayed for injunctive relief in several counts. They contended that the changes in the statute did not dictate a change in the method of computing fines and that the fine change was the promulgation of a rule requiring DOT to follow notice and hearing requirements of the Georgia Administrative Procedure Act (APA). OCGA § 50-13-1 et seq. (Code Ann. § 3A-101 et seq.). Plaintiffs sought to enjoin the enforcement of fines until DOT complied with those requirements. Plaintiffs also contended that OCGA § 32-6-26 (Code Ann. § 95-959) violated equal protection under the law by giving certain classes of business an exemption from the "bridge formula."

On Plaintiffs' motions for partial summary judgment and

injunctive relief on specified counts of their complaint the trial court held that the implementation of the new fine standard was dictated by the terms of the 1983 amendment to OCGA § 32-6-26 (Code Ann. § 95A-959) and, therefore, DOT was not required to follow the APA. Plaintiffs' motion on this count was denied. On the constitutional claim the court found that the exemption classifications in OCGA § 32-6-26 (b) (Code Ann. § 95A-959) are arbitrary and discriminatory with no rational basis and therefore invalid. The court enjoined DOT from enforcing OCGA § 32-6-26 (Code Ann. § 95A-959) in a manner which would deny Plaintiffs and others similarly situated the benefit of the weight exemptions, and ordered that any fines assessed must take the weight exemptions into account. The court deferred ruling on other issues and they are not raised in these appeals.

1. We first address the issues raised on the constitutional attack on the weight regulations contained in OCGA § 32-6-26 (Code Ann. § 95A-959). DOT contends it was error to declare the exemptions to be violative of equal protection guarantees and further contends that if the exemptions create constitutionally invalid classifications of exemptions, the appropriate remedy would be to strike all of the exempted categories.

OCGA § 32-6-26 (b) (Code Ann. § 95A-959) provides that weight limitations may be exceeded without a permit when on a road other than a road of the National System of Interstate and Defense Highways when hauling certain products from a point of origin in one county to a destination in the same or adjoining county. The exempted activities are hauling (1) forest products from the point where cut, (2) live poultry from the farm to a processing plant, (3) feed from the mill to a farm and (4) blocked or sawed granite from the quarry to a processing plant.

Plaintiffs contend that the hauling of clay from mine to processing plant is the same as the exempted activities in all respects and that the exemptions only serve to arbitrarily favor one commodity over another and have no rational relationship to a legitimate governmental interest. The trial court agreed and we now reverse.

Laws enacted by our legislature are presumed to be constitutional and the burden is on the party challenging the law to prove its invalidity. *State Farm Mut. Auto. Ins. Co. v. Five Transportation Co.,* 246 Ga. 447 (271 SE2d 844) (1980). When classifications are challenged under the equal protection guarantees they will be upheld if there is any set of facts upon which they could be sustained. *Anderson v. Little &c. Funeral Home,* 242 Ga. 751 (251 SE2d 250) (1978). "In its regulation of business and industry, the state is not bound to make classifications which are perfectly

symmetrical or mathematically precise, so long as the classifications are not arbitrary or unreasonable." *State Farm,* supra at 450.

OCGA § 32-6-26 (a) (Code Ann. § 95A-959) provides that "If the driver of any vehicle can comply with the requirements of this Code section by shifting the load and does so when requested by the proper authority, the driver shall not be held to be operating in violation of this Code section." OCGA § 32-6-26 (a) (1) (Code Ann. § 95A-959). The state presented uncontradicted evidence that due to the nature of the load of the exempted materials, the load could not be shifted to change the axle distribution while the load of Plaintiffs' material could be redistributed.[1]

Plaintiffs contend that the classifications are wholly arbitrary and not related to highway safety. They rely on Smith v. Cahoon, 283 U. S. 553 (51 SC 582, 75 LE 1264) (1931), in which the United States Supreme Court struck down a state weight statute because there was not even slight justification shown for the statutory distinction for haulers of different commodities.

One purpose of the statute is, as contended by plaintiffs, the protection of public roads. The other purpose is economic, the exacting of civil fines to reimburse the state for damage done to the roads. *DOT v. Del-Cook Timber Co.,* 248 Ga. 734 (6) (285 SE2d 913) (1982). Those exempted under subsection (b) are still subject to an overall gross weight of 75,000 pounds and axle load requirements of 23,000 pounds and the exemptions only apply for short hauls on state roads. We do not find the allowance of this limited exemption for certain industries which are vital to the economy of the state and who, due to the nature of their loads, cannot avail themselves of other statutory exceptions is wholly arbitrary.

In *Alexander v. State,* 228 Ga. 179 (184 SE2d 450) (1971), this court rejected an equal protection challenge to the weight limitations

---

[1] The state presented the following evidence on the nature of the exempted loads and of kaolin clay by affidavit.

a. Forest products are hauled from the forest in large tree-length logs which due to size and weight cannot be shifted manually to redistribute the load.

b. If a load of live poultry is stopped in transit the necessary ventilation in the transport vehicle is eliminated and even a short stop could result in substantial losses of birds.

c. Feeds leaving feed mills are required by regulations to be hauled in vehicles containing separate compartments for each feed formula. Since the different feed formulas may not be commingled, it is impossible to shift the load, unlike a single element load.

d. Granite is hauled from the quarry in blocks weighing between 18,000 to 25,000 pounds and due to their size and weight cannot be shifted manually to redistribute the load.

of the former law found in then Ga. Code Ann. § 68-405. Alexander had been charged under the criminal law for violating weight restrictions and argued that the exemptions for certain products were unreasonable and violated equal protection. It was also alleged that the provision allowing for shifting of loads discriminated against those who could not shift their loads. We held the provisions to be lawful regulation of the use of the highways.

In *DOT v. Del-Cook Timber Co.,* supra, we reversed the trial court's holding that the classification of certain timber haulers in the same category as haulers of materials of a different nature was irrational and discriminatory. This holding rested upon the principle that there is no equal protection violation even though the classification results in some inequality or is imprecise.

The constitutionality of this statute was raised on Plaintiffs' motion for summary judgment. Based upon the record in this case and the rules governing summary judgment, we find that the Plaintiffs have not met their burden of proving that the statutory scheme violates equal protection. We therefore hold that the grant of summary judgment and injunctive relief on this count was error.

2. In their cross-appeals Plaintiffs contend the court erred in denying injunctive relief under Count I of their complaint by holding that the implementation of a new standard for determining excess weight was merely enforcement of a statute and not the adoption of a rule.

Prior to 1983, vehicles with a gross weight at or below 73,280 pounds were not subject to the weight limitations of the bridge formula. DOT assessed fines in accordance with OCGA § 32-6-27 (Code Ann. § 95A-960) which sets out fine amounts for each pound of excess weight according to a statutory schedule. Under the old standard, DOT assessed excess weight for all vehicles on the amount of gross weight in excess of 73,280 pounds and not based upon the pounds by which the vehicle exceeded the bridge formula.

The 1983 amendment provides that for *all vehicles* "the overall gross weight in pounds . . . shall be determined by" the bridge formula. The DOT now determines excess weight on the difference between actual gross weight and the maximum permissible weight under the application of the bridge formula. We agree with the trial court's holding that this is not the implementation of a "rule" requiring DOT to follow the APA. The 73,280 pound cushion has been removed from the law except for certain phase-in exceptions set forth in OCGA § 32-6-26 (a)(2)(B). (Code Ann. § 95A-959). All excess weight must now be determined by application of the bridge formula and we affirm the trial court's denial of summary judgment and injunctive relief to Plaintiffs on this issue. The implementation of a

new standard for calculating excess weight was dictated by the language of the 1983 amendment.

The trial court deferred ruling on Count II of Plaintiffs' complaint which involves the intent of the legislature in providing for a three-year "phase-in" exception for certain vehicles registered prior to April 1, 1983. The trial court found that the factual record and interaction of federal and state law had not been developed on this point, and this court will, therefore, not address these issues on appeal.

*Judgment reversed in Case No. 40091. Judgments affirmed in Case Nos. 40374, 40375, 40376. All the Justices concur, except Smith and Weltner, JJ., who dissent as to Division 1 and the judgment in Case No. 40091.*

DECIDED JANUARY 20, 1984 —
REHEARING DENIED FEBRUARY 16, 1984.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Charles M. Richards, Michael E. Hobbs, Assistant Attorneys General,* for Department of Transportation et al.

*Sutherland, Asbill & Brennan, C. Christopher Hagy, Carey P. DeDeyn, Jacqueline S. Miller,* for Georgia Mining Association et al.

WELTNER, Justice, dissenting.

I dissent to the first division of the opinion, and in reference to page 129 thereof, pose the following questions:

(1) Why should forest products be exempt, and agricultural products not?

(2) Why should live poultry be exempt, and livestock not?

(3) Why should feed from mill to farm be exempt and feed grains from farm to mill not?

(4) Why should block or sawed granite be exempt, and block or sawed marble not?

It is plain to me that OCGA § 32-6-26 (b) (Code Ann. § 95A-959) is nothing more than a grant of privilege to certain favored industries, creating arbitrary and irrational classifications. See my dissent in *Paramount Pictures Corp. v. Busbee,* 250 Ga. 252, 257 (297 SE2d 250) (1982).