S91A0438. MANSFIELD v. PANNELL et al.
(404 SE2d 104)

CLARKE, Chief Justice.

Appellees/parents brought this medical malpractice action against appellant/physician for injuries to their minor child during delivery on August 20, 1980. The action was brought more than eight years after the birth of the child. The physician denied all negligence and raised the affirmative defense of statute of limitation under OCGA § 9-3-73. His motion for summary judgment was denied by the trial court. The physician appealed to the Court of Appeals which reversed and remanded for a consideration of constitutional issues timely raised. *Mansfield v. Pannell,* 194 Ga. App. 549 (390 SE2d 913) (1990). On remand, the trial court found that OCGA § 9-3-73, as amended, violates the equal protection clause of the Georgia Constitution and the Fourteenth Amendment to the U. S. Constitution. We affirm, but for a different reason.

OCGA § 9-3-73 was amended effective July 1, 1987 to make statutes of limitation affecting malpractice actions applicable to minors who have reached the age of five and incompetents. Grace periods provided in subsections (b) and (g) of the amended statute extended the period for minors who had not reached five and minors whose claims would be barred under the amendment but would not have been barred immediately prior to July 1, 1987. Under (b), minors who had not reached five (those born after July 1, 1982) had an additional two years after their fifth birthday to file suit. Under (g), minors who would be barred from suit by the amendment but who would not have been barred immediately prior to July 1, 1987, (those born before July 1, 1980) had an additional two years to file suit. The trial court found that children born between July 1, 1980 and before July 1, 1982, are denied the two-year cushion and are denied equal protection. The child here is in this group.

Appellant insists that OCGA § 9-3-73 is not unconstitutional as

violating equal protection. He contends that there is a rational basis for the disparate treatment of the classes of minors in phasing in the new statute.

Appellees respond that some minors were given two years grace before the new statute was phased in, some were given no grace period at all. Appellees were given 51 days. Appellees contend that they did not have a reasonable length of time to protect their rights. Appellees argue that the legislature could have avoided the disparity by changing (g) to read that no action barred before July 1, *1989* by the amendment will be barred until July 1, 1989.

In *Allrid v. Emory University*, 249 Ga. 35 (285 SE2d 521) (1982), we discussed in detail the interplay between effective dates of statutes of limitation and equal protection. We noted in that case that the legislature may change the period of limitation without unconstitutional retroactivity. As we also noted, a disparity in grace periods phasing in a new period of limitation does not necessarily deny equal protection. The statute must be analyzed in terms of the rational basis test: "A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" *Reed v. Reed*, 404 U. S. 71, 76 (92 SC 251, 30 LE2d 225) (1971), quoting *Royster Guano Co. v. Virginia*, 253 U. S. 412, 415 (40 SC 560, 64 LE 989) (1920).

The scheme here is not rational. The result of the grace periods is that all children affected by the new limitation period except for a group of children whose claims arose between July 1, 1980 and July 1, 1982, and minors between five and 18 whose claims arose within two years of July 1, 1987, had until July 1, 1989, to bring their actions. The result is unequal treatment which has no rational relation to the purpose of the amendment. We do not believe that the legislature intended this result.

In *Telecom*USA v. Collins*, 260 Ga. 362 (393 SE2d 235) (1990), we set forth a rule of statutory construction which is useful here. The literal meaning of the words of a statute must be followed unless the result is an absurdity, contradiction, or such an inconvenience that it is clear that the legislature must have intended something else. If this is the result, we construe the statute in such a way as to follow the intent of the legislature. Id. at 363-364. In *Ins. Co. of North America v. Russell*, 246 Ga. 269 (271 SE2d 178) (1980), we construed a statute which extended a conclusive presumption of dependency to widows but not widowers under our workers' compensation law. We found the disparity amounted to a violation of equal protection but that, because the statute was not per se unconstitutional but unconstitutional only in the disparate treatment it accorded widows and widowers, the defect could be remedied either by eliminating the presumption en-

tirely or by extending the benefit of the presumption to widowers as well as widows in accordance with the procedure approved in *Wengler v. Druggists Mut. Ins. Co.,* 446 U. S. 142 (100 SC 1540, 64 LE2d 107) (1980). 246 Ga. at 272. This court concluded that the construction which would most closely follow the legislative intent and still result in a constitutional statute would be to eliminate the presumption entirely by merging two subsections. "A court has the power to merge into one two provisions invalid under the equal protection clause when the result achieved is more consistent with the legislative intent than the result that would attend complete invalidation of one or the other." 246 Ga. at 273.

Using these principles of construction, we will endeavor to construe the 1987 amendment to OCGA § 9-3-73 as constitutional, rational, and consistent with the intent of the legislature. It was clearly the legislative intent that medical malpractice claimants whose claims were affected by the amendment be given a grace period within which to bring suit. The legislature could not have intended that some affected plaintiffs have a grace period of only one day or, as is the case with the plaintiffs here, 51 days, while most affected plaintiffs had a grace period of two years. Therefore, we construe subsection (b) and (g) as meaning that no action will be barred before two years from the effective date. The result of that construction is that no action will be barred before July 1, 1989. Thus construed, the statute is constitutional.

The judgment of the trial court denying the appellant's motion for summary judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 10, 1991.

*Alston & Bird, Judson Graves, Paul J. Quiner, Daniel A. Kent,* for appellant.

*Barnes, Browning, Tanksley & Casurella, Charles B. Tanksley, Davis, Gregory & Christy, Hardy Gregory, Jr.,* for appellees.