S93A1371. CROWE et al. v. HUMANA, INC. et al.
(439 SE2d 654)

SEARS-COLLINS, Justice.

Appellant Ashley Crowe was born on July 15, 1984. On August 3, 1985, Ashley suffered fever, seizures, and respiratory distress, and was taken to the Humana Hospital emergency room, where she was treated by appellees McNeill and Greenwald. An oxygen deficiency caused Ashley permanent brain damage, and she was transferred that same day to another hospital. On February 14, 1992, Ashley Crowe's parents (the Crowes) filed a medical malpractice action against Humana, McNeill, and Greenwald, on their own and Ashley's behalf. The Crowes alleged that in January 1992 they discovered that the appellees had been negligent in their treatment of Ashley, and that the appellees' negligence had caused Ashley's brain damage. The trial court found that the cause of action was time barred by OCGA § 9-3-73 (b), and dismissed the complaint. We affirm.

1. The two-year period of limitation in an action for medical malpractice begins on the date on which the injury arising from the alleged negligence occurs. OCGA § 9-3-71 (a). Minors are subject to the period of limitation provided in § 9-3-71 (a), except that if a minor was less than five years old when a cause of action for medical malpractice "arose," the minor has two years from her fifth birthday to bring a medical malpractice action. OCGA § 9-3-73 (b). The issue here is when a child's cause of action arises for purposes of § 9-3-73 (b). If the cause of action arises on the date on which the injury arising from the alleged negligence occurs, § 9-3-71 (a), then Ashley's cause of action is barred because her injury occurred on August 3,

1985. As she was less than five years old at that time, she had until on or around July 15, 1991, two years after her fifth birthday, to bring a cause of action for medical malpractice.

The Crowes, however, ask us to hold that the cause of action "arose," and thus the period of limitation commenced, when they discovered that the appellees' negligence caused Ashley's injuries.[1] We find that initiating the period of limitation in a medical malpractice action when the alleged negligence is first discovered would be contrary to the plain language of §§ 9-3-71 and 9-3-73. Therefore, as the suit was not filed within the time prescribed by § 9-3-73 (b), the trial court correctly found that the complaint was time barred.

2. The appellants contend that as applied to Ashley Crowe, OCGA § 9-3-73 (b) violates constitutional equal protection guarantees by excluding minors bringing medical malpractice actions from the general period of disability provided by OCGA § 9-3-90, and by establishing an arbitrary and unreasonable period of disability. We find that the question of the constitutionality of OCGA § 9-3-73 (b) was resolved adversely to the appellants in *Smith v. Cobb-County Kennestone Hosp.*, 262 Ga. 566 (423 SE2d 235) (1992), where we held that "the separate classification of minors for purposes of medical malpractice actions could accomplish the stated legislative objectives [of § 9-3-73 (b)]," id. at 570, and that it was not unconstitutional to "reduce minors' period of disability from eighteen to five years, thereby limiting the period within which minors could bring medical malpractice claims," id. at 571. Furthermore, in *Mansfield v. Pannell*, 261 Ga. 243 (404 SE2d 104) (1991), we considered whether § 9-3-73 violated equal protection as applied to minors who had passed their fifth birthday at the time the statute was enacted. As those minors could receive a grace period of significantly less than two years, if any, under the statute as written, we found that the statute was not "rational," id. at 244. However, we construed the statute to mean "that no action will be barred before two years from the effective date" of the statute, id. at 245, and that as construed the statute was "constitutional, rational, and consistent with the intent of the legislature," id.

3. Finally, the Crowes contend that if Ashley Crowe's cause of action did accrue on August 3, 1985, application of current § 9-3-73 (b) to bar her suit would be an unconstitutional retroactive applica-

---

[1] The Court of Appeals has held that the period of limitation in a medical malpractice action began when the injury was first discovered. *Vitner v. Miller*, 208 Ga. App. 306 (430 SE2d 671) (1993) (cert. granted; appeal withdrawn). We note that the Crowes do not assert that the cause of action commenced when the injury itself was first discovered, but, rather, when the alleged negligence was discovered. Furthermore, it is undisputed that Ashley Crowe's injury was manifest on the same day it occurred, if not shortly thereafter. Therefore, the issue addressed in *Vitner* is not presented by the facts or contentions of this case.

tion of the law, because at that time § 9-3-73 specifically adopted the tolling provisions of § 9-3-90 for medical malpractice actions, under which her suit would be timely. The Crowes argue that former § 9-3-73 conveyed substantive rights to minors and incompetents, and as the revised version of § 9-3-73 affects those rights, it may operate prospectively only.

In *Smith v. Cobb County Kennestone Hosp.*, we specifically addressed this issue and held that it was controlled by this court's opinion in *Allrid v. Emory Univ.*, 249 Ga. 35 (285 SE2d 521) (1982), where we stated that

> "[a] statute of limitation is remedial in nature. The legislature can constitutionally provide for the retrospective application of a remedial statute provided a time be fixed subsequent to the passage of the statute which allows citizens affected by it a reasonable time to protect their rights." [Cit.]

*Id.* at 37. Ashley Crowe's injury occurred before she turned five, and her fifth birthday was on July 15, 1989. Therefore, she had until July 15, 1991 to bring suit, which was six years after her August 3, 1985 injury, and which gave her a grace period of four years above the general two-year period of limitation in medical malpractice actions. We find that this "was a reasonable time for her rights to be protected." *Smith* at 572.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 7, 1994 —
RECONSIDERATION DENIED FEBRUARY 25, 1994.

*Hart & McIntyre, George W. Hart,* for appellants.

*Whitehurst & Frick, Elaine W. Whitehurst, Stephen P. Riexinger, Gleaton, Scofield, Egan & Jones, Frederick N. Gleaton, Smith, Gambrell & Russell, David M. Brown, S. David McLean, Jr., Marianne Maher,* for appellees.