S95Q0414. PETERS et al. v. HOSPITAL AUTHORITY OF
ELBERT COUNTY et al.
(458 SE2d 628)

BENHAM, Presiding Justice.

After Mrs. Peters delivered a stillborn child at Elbert Memorial Hospital, she and her husband, residents of South Carolina, filed suit against the hospital authority and various medical personnel in the United States District Court for the Middle District of Georgia, seeking to recover damages for, among other things, prenatal injuries allegedly inflicted upon the fetus by the defendants, as well as for the pain and suffering of the fetus. Applying Georgia law to the diversity action (see 28 USC § 1652), the district court dismissed the claims the Peterses brought as the representatives of the stillborn child, ruling that Georgia law did not recognize the causes of action they were asserting. When the Peterses appealed the district court's order to the United States Court of Appeals for the Eleventh Circuit, that court determined that the dispositive question of law had not been resolved in any Georgia state court, and certified the following question to this court for resolution:

Can a parent state a cause of action on behalf of a stillborn child for damages arising from prenatal injuries to the child? In essence, does a stillborn child have a right to recover for injuries sustained while inside the womb?

We answer the question in the negative.

1. OCGA § 51-1-9 authorizes "[e]very person" against whom a tort is committed to recover therefor, and OCGA § 9-2-41 provides that a cause of action for the recovery of damages for personal injury is not abated by the death of a party. Invoking § 9-2-41, the Peterses wish to pursue, as the representatives of the stillborn child, causes of action which they contend the stillborn child was entitled to pursue under § 51-1-9. The heart of the Peterses' position is that the stillborn child had a cause of action against the alleged tortfeasors, despite not having been born alive. The question before us is whether live birth is a necessary prerequisite to the maintenance of an action by the victim of a tort.

Since 1951, Georgia law has recognized that a child born after sustaining a tortious prenatal injury may bring an action to recover damages for the injury sustained. *Tucker v. Howard L. Carmichael & Sons*, 208 Ga. 201 (1) (65 SE2d 909) (1951). See also *Hornbuckle v. Plantation Pipe Line Co.*, 212 Ga. 504 (93 SE2d 727) (1956); *Fallaw v. Hobbs*, 113 Ga. App. 181 (147 SE2d 517) (1966). These cases implicitly held that the live birth of the allegedly injured fetus was a prerequisite to the child's maintenance of the suit. It has been recognized that the parent of a stillborn child is statutorily entitled to recover the full value of the life of the stillborn (*Porter v. Lassiter*, 91 Ga. App. 712 (87 SE2d 100) (1955); see also *Shirley v. Bacon*, 154 Ga. App. 203 (267 SE2d 809) (1980)), but no Georgia appellate court has ever held that the stillborn child has a cause of action against the tortfeasor who allegedly caused the stillborn delivery. In order for the stillborn to have a cause of action, "person," as used in OCGA § 51-1-9, must be construed to include the unborn. This we decline to do, as we are reluctant to accord legal rights to the unborn without conditioning those rights upon live birth. See 43 CJS 561, Infants, § 219; OCGA § 53-4-2 (4) (a child born posthumously has a right of inheritance); *Billingsley v. State*, 183 Ga. App. 850 (1) (360 SE2d 451) (1987) (an unborn fetus is not considered a "person" under common law or the vehicular homicide statute). Given the opportunity today, we expressly hold that the fetal victim of a tort must be born alive in order to seek recovery from the alleged tortfeasor pursuant to OCGA § 51-1-9.

2. Appellants contend that our holding requiring a live birth in order for the child to bring a tort action violates the equal protection clause of the state and federal constitutions. We agree with the district court's analysis of the issue: the allegedly discriminatory practice is rationally related to a legitimate governmental purpose — a limitation on who is entitled to bring a tort action is an attempt to provide solid ground in the quagmire surrounding fetal injury. See *Hornbuckle v. Plantation Pipe Line Co.*, supra at 506 (Duckworth, C. J., concurring specially): "We have the law confused too much already."

*Certified question answered in the negative. All the Justices concur.*

DECIDED JUNE 29, 1995.

*William S. Stone, Thomas E. Sasser III, Stephen C. Carter,* for appellants.

*Knox & Zacks, Gregg E. McDougal, Joseph H. Huff,* for appellees.

*Mary E. Wyckoff,* amicus curiae.