A07A0608. JOHNSON et al. v. THOMPSON et al.
(650 SE2d 322)

ADAMS, Judge.

On March 6, 2003, plaintiffs Patricia Johnson and Charles Johnson, as parents and next friends of Evan Johnson, filed a medical malpractice complaint against Wellstar Health System, Inc., Cobb Hospital, Inc., South Cobb Ob-Gyn, P.C., Michael Martin McCann, R.N. and Karen Sue Weldon, M.D. alleging that these defendants committed acts of professional negligence during Evan's delivery. Specifically, plaintiffs alleged that during the delivery, excessive downward traction was exerted on Evan's head while the shoulders

were impacted, resulting in a shoulder dystocia[1] and causing Evan to suffer from Erb's and Klumpke's palsy. Plaintiffs subsequently amended their complaint to correct some factual allegations, and they also subsequently dismissed Dr. Weldon and Cobb Hospital from the suit.

In April 2004, plaintiffs moved to add parties to the case. This motion was granted, and on April 20, 2004, plaintiffs filed their second amended complaint alleging claims against the doctors and nurses at defendant Wellstar who provided prenatal services during the course of the pregnancy (the Prenatal Care Defendants).[2] In their amended complaint, plaintiffs alleged that the Prenatal Care Defendants were negligent for failing to diagnose Evan as large for his gestational age based on an ultrasound examination performed several months prior to his birth and for failing to recommend a cesarean section be performed as a result. The Prenatal Care Defendants moved for summary judgment, and the trial court granted the motion and held that plaintiffs' action was barred under the statute of repose contained in OCGA § 9-3-71 (b). The plaintiffs appeal.[3]

The trial court found that the Prenatal Care Defendants owed a duty of care to Evan while he was in utero. The trial court also correctly found that Georgia law recognizes a claim for prenatal injuries so long as the child is born alive. "Since 1951, Georgia law has recognized that a child born after sustaining a tortious prenatal injury may bring an action to recover damages for the injury sustained. *Tucker v. Howard L. Carmichael & Sons, Inc.*, 208 Ga. 201 (1) (65 SE2d 909) (1951)." *Peters v. Hosp. Auth. of Elbert County*, 265 Ga. 487, 488 (1) (458 SE2d 628) (1995). See also *Hornbuckle v. Plantation Pipe Line Co.*, 212 Ga. 504 (93 SE2d 727) (1956).

The trial court then considered whether the claims for negligent acts or omissions that occurred while Evan was gestational, i.e., a fetus, were governed by the general statutes of limitation and statute of repose set forth in OCGA § 9-3-71 or by the statutes of limitation and repose applicable to minors and incompetent persons set forth in OCGA § 9-3-73. The trial court found no "Georgia authority to support the proposition that a 'fetus' is considered a 'minor' under OCGA § 9-3-73 (c)" and thus declined to extend the definition of minor in that

---

[1] One of plaintiffs' experts defined shoulder dystocia as "a medical emergency characterized by the impaction of the anterior shoulder blade under the [mother's] pubic bone in the course of a vaginal delivery." This can result in nerve damage and, depending on the site of the nerve damage, various conditions of palsy.

[2] The Prenatal Care Defendants named in the second amended complaint were Sonya Thompson, M.D.; Robert C. Mulliniks, Jr., M.D.; Lawrence Rowley, M.D.; Wayne L. Coxwell, M.D.; Karen Sue Weldon, M.D.; and Judy Taylor, R.N.

[3] This ruling did not affect plaintiffs' claims for injuries Evan received during delivery.

manner. The trial court also found that the Prenatal Care Defendants' alleged wrongful acts or omissions were related to prenatal care services performed on plaintiff Patricia Johnson, not Evan. The trial court thus concluded that the wrongful acts or omissions, having occurred between February 11, 1997 and April 21, 1997, were time barred by the five-year statute of repose contained in OCGA § 9-3-71 (b). We now reverse that holding.

We begin our analysis by determining who received treatment and care from the Prenatal Care Defendants.[4] As stated above, the trial court held that Patricia, not Evan, received treatment, and the Prenatal Care Defendants argue that the plaintiffs' cause of action is in essence an informed consent claim that belongs to Patricia and not to Evan. But the plaintiffs alleged that the Prenatal Care Defendants' failure to diagnose Evan as large for his gestational age prior to his birth was a breach of the standard of care and that this negligence was a cause of Evan being born with shoulder dystocia and the resulting palsy. Plaintiffs also contend that had the Prenatal Care Defendants acted within the standard of care, they would have recommended to Patricia that Evan be delivered by cesarean section.

In our view, the Prenatal Care Defendants were rendering care and treatment both to Evan and to his mother when they performed an ultrasound examination on February 11, 1997 and then, based on those results, allegedly failed to diagnose Evan as large for his gestational age.[5] As stated by The American College of Obstetricians and Gynecologists (ACOG), "[t]he maternal-fetal relationship is unique in medicine because of the complete physiologic dependence of the fetus upon the pregnant woman and because both the fetus and the woman are regarded as patients of the obstetrician."[6] In any event, it seems beyond dispute that both the fetus and the mother are patients of the obstetrician and that the obstetrician owes a duty of care to both of them.[7] It thus defies logic and reason to say that any claims that are brought for an injury resulting from a breach of that duty belong only to the mother.

[4] "To prove a medical malpractice claim in Georgia, a plaintiff must show: (1) the duty inherent in the health care provider-patient relationship; (2) breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure is the proximate cause of the injury sustained." (Footnote omitted.) *Knight v. West Paces Ferry Hosp.*, 262 Ga. App. 220, 220-221 (585 SE2d 104) (2003).

[5] Whether the ultrasound showed Evan was in fact large for his gestational age, as determined by applicable medical guidelines, is a question for the jury.

[6] The Prenatal Care Defendants' expert testified that ACOG opinions were relied upon as standards in the field.

[7] See also *Walker v. Giles*, 276 Ga. App. 632, 646-647 (2) (624 SE2d 191) (2005) in which this Court refers to the experts' testimony concerning the duty owed by the obstetrician to both the pregnant patient and the fetus.

However, finding that care and treatment were rendered to Evan while he was a fetus and that a claim may be brought on Evan's behalf for alleged negligent acts or omissions committed during the prenatal care period does not end our inquiry because we must, as the trial court recognized, still determine whether the general limitation period and statute of repose contained in OCGA § 9-3-71 applies, or whether the statutes of limitation and repose applicable to claims brought by minors apply. Under Georgia law, Evan could not bring a claim for the Prenatal Care Defendants' alleged negligence until he was born alive. *Peters v. Hosp. Auth. of Elbert County*, 265 Ga. at 488 (expressly holding "that the fetal victim of a tort must be born alive in order to seek recovery from the alleged tortfeasor"). Thus, Evan did not have a right to sue for the alleged prenatal negligence of the Prenatal Care Defendants until such time as he was born alive. At that time Evan was clearly a minor under Georgia law.[8] Accordingly, we need not determine whether the term "minor" as used in OCGA § 9-3-73 encompasses a fetus.

Based on the foregoing, the trial court should have applied OCGA § 9-3-73 (b) to determine if the claims asserted on Evan's behalf were within the limitation period. Under that Code section, "[a] minor who has not attained the age of five years shall have two years from the date of such minor's fifth birthday within which to bring a medical malpractice action if the cause of action arose before such minor attained the age of five years." Here the cause of action arose, i.e., the injury occurred, see *Crowe v. Humana, Inc.*, 263 Ga. 833 (1) (439 SE2d 654) (1994), at the time of Evan's birth, and thus clearly before his fifth birthday. Evan thus had two years from the date of his fifth birthday within which to bring his medical malpractice action. The amended complaint against the Prenatal Care Defendants was filed on April 20, 2004, and Evan, who was born on April 27, 1997, turned seven on April 27, 2004. The action commenced on his behalf was thus filed within the applicable statute of limitation, and the trial court erred in granting the Prenatal Care Defendants summary judgment on the basis that the action against them was time barred.

*Judgment reversed. Ellington, J., concurs. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

The trial court granted summary judgment in favor of Dr. Thompson, Dr. Mulliniks, Dr. Rowley, Dr. Coxwell, Dr. Weldon, and nurse Taylor (the defendants) on the basis that the five-year statute

[8] A minor under Georgia law is anyone under the age of 18. OCGA § 39-1-1 (a).

of repose in OCGA § 9-3-71 (b) expired before the medical malpractice action was asserted against them in the second amended complaint filed on April 20, 2004. This cause of action was asserted by Patricia and Charles Johnson on behalf of their minor child, Evan Johnson, seeking to recover damages for prenatal injuries allegedly suffered by the child during the delivery process just prior to his birth on April 27, 1997. See *Peters v. Hosp. Auth. of Elbert County*, 265 Ga. 487, 488 (458 SE2d 628) (1995). The Johnsons alleged that the defendants negligently provided prenatal care to Patricia Johnson while she was pregnant with the child, and that this negligence was a concurring proximate cause of the injuries suffered by the child during the subsequent delivery process.

Whether the alleged negligence of the defendants in providing prenatal care to Patricia Johnson was a proximate cause of injuries suffered by the child during the subsequent delivery is not at issue in this appeal. The defendants moved for summary judgment on the basis that the applicable statute of limitation and statute of repose expired before the medical malpractice cause of action was filed. The issue was whether the limitation and repose periods set forth in OCGA § 9-3-71 applied, or whether the more extended limitation and repose periods for minors set forth in OCGA § 9-3-73 applied. The trial court found that the five-year statute of repose in OCGA § 9-3-71 (b) applied, which required that the action be commenced within five years after the date of the alleged malpractice. The trial court granted summary judgment to the defendants on the basis that the statute of repose in OCGA § 9-3-71 (b) expired on April 21, 2002, five years after the last alleged prenatal malpractice by the defendants occurred on April 21, 1997, and that the action was not filed against the defendants until April 20, 2004. The trial court found it unnecessary to rule on the defendants' claim that the applicable statute of limitation had expired.

The trial court concluded that the five-year statute of repose in OCGA § 9-3-71 (b) applied because the court found that the statute of repose in OCGA § 9-3-73 (c) (2) (A) did not apply by its express terms. Under OCGA § 9-3-73 (c) (2) (A),

> in no event may an action for medical malpractice be brought by or on behalf of . . . [a] minor . . . [a]fter the tenth birthday of the minor if such minor was under the age of five years on the date on which the negligent or wrongful act or omission occurred. . . .

The trial court reasoned that, because the child was a fetus and not a minor when the alleged wrongful acts or omissions occurred, the statute of repose applicable to minors could not be applied to the

child's claims for prenatal injuries. Under this reasoning, the five-year statute of repose in OCGA § 9-3-71 (b) expired before expiration of the extended statute of limitation in OCGA § 9-3-73 (b), applicable to the child as a minor under the age of five years when the cause of action arose. It is reasonable to conclude that the legislature did not intend this result, and that the statute of repose in OCGA § 9-3-73 (c) (2) (A) should be construed to apply to a medical malpractice action brought on behalf of a minor alleging that the minor sustained prenatal injuries caused by negligent or wrongful acts or omissions. See *Smith v. Cobb County-Kennestone Hosp. Auth.*, 262 Ga. 566, 568, n. 3 (423 SE2d 235) (1992); *Esener v. Kinsey*, 240 Ga. App. 21, 22 (522 SE2d 522) (1999); *Bynum v. Gregory*, 215 Ga. App. 431, 433-434 (450 SE2d 840) (1994). The medical malpractice action against the defendants was filed on April 20, 2004, well before the applicable statute of repose in OCGA § 9-3-73 (c) (2) (A) expired on the child's tenth birthday on April 27, 2007.

I agree with the majority opinion that the medical malpractice action against the defendants was also timely filed within the applicable statute of limitation set forth in OCGA § 9-3-73 (b). The action for prenatal injuries arose on the date the child was born on April 27, 1997, and OCGA § 9-3-73 (b) provides that "[a] minor who has not attained the age of five years shall have two years from the date of such minor's fifth birthday within which to bring a medical malpractice action if the cause of action arose before such minor attained the age of five years." "Minors are subject to the period of limitation provided in [OCGA] § 9-3-71 (a), except that if a minor was less than five years old when a cause of action for medical malpractice 'arose,' the minor has two years from her fifth birthday to bring a medical malpractice action." *Crowe v. Humana, Inc.*, 263 Ga. 833 (439 SE2d 654) (1994); OCGA § 9-3-73 (b). The action was filed on April 20, 2004, before the applicable statute of limitation expired on the child's seventh birthday on April 27, 2004.

DECIDED JULY 9, 2007 —
RECONSIDERATION DENIED JULY 26, 2007 —

*Chambers, Aholt & Rickard, Dale C. Ray, Jr.*, for appellants.
*Green, Johnson & Landers, Henry D. Green, Jr., David V. Johnson, Lawrence J. LoRusso, Mary P. Adams*, for appellees.